IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sedgwick Campbell ) | C/A No. 8:08-02018-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bruce H. Hendricks made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report, which was filed on July 28, 2009, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings.

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge recommends that the court reverse the Commissioner's decision and remand the case for further proceedings based on the administrative law judge's ("ALJ") (1) failure to provide specific reasons for discounting Plaintiff's credibility, and (2) errors in accepting the

testimony of the vocational expert ("VE"). On August 13, 2009, Defendant objected to this recommendation on two grounds: (1) the ALJ's credibility analysis was sufficient for review, and (2) any errors in accepting the VE's testimony were harmless. The court considers Defendant's objections in reverse order.

**Vocation Expert Testimony.** The Magistrate Judge recommends reversal and remand for further proceedings because the ALJ erred in accepting the VE's testimony. The VE listed jobs that exceeded Plaintiff's residual functional capacity ("RFC") and were inconsistent with the ALJ's hypothetical, which specifically limited Plaintiff to jobs that require no reading, writing, or mathematical computation. In fact, Defendant concedes that two of the three jobs cited by the VE (weight tester and surveillance system monitor) are beyond the scope of Plaintiff's mathematical and language abilities. Defendant, however, argues that the error was harmless because the third job cited by the VE - table worker - is within Plaintiff's RFC.

The Department of Occupation Titles ("DOT") lists the job of table worker as requiring Level 1 reasoning, math, and language skills. DOT 73.687-182, 1991 WL 680217; DOT Appendix C, 1991 WL 688702. Level 1 math skills require the claimant to be able to:

> Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

*Id.* Further, Level 1 language skills require the claimant to be able to:

> Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers. . . . Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses. . . .

*Id.* Because the ALJ found that Plaintiff could not perform any work requiring reading, writing, or

mathematical computation, the jobs cited by the VE are inconsistent with the hypothetical.

Defendant argues that although table worker is listed as requiring Level 1 skills, the job of table worker does not require any reading, writing, or mathematical computation as part of the job. Defendant argues that Level 1 is the lowest classification in the DOT and that the job of table worker does not require all of Level 1 skills. The VE, however, did not testify to that effect. *See* SSR 00-04p ("When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation to support a determination or decision about whether the claimant is disabled."). Without any explanation by the VE, the court will not assume that the job of table worker does not require any reading, writing, or mathematical computation. Substantial evidence does not support the ALJ's finding that there are jobs that Plaintiff can perform.

The court reverses the Commissioner's decision and remands the case for further proceedings to clarify whether Plaintiff can perform the job of table worker, or any other job, in light of Plaintiff's restrictions in reading, writing, and math.

**Credibility Assessment.** The Magistrate Judge also recommends reversal and remand for further proceedings based on the ALJ's failure to adequately specify why Plaintiff was not credible. Upon review of the ALJ's decision, the court agrees with the Magistrate Judge's recommendation that although the ALJ's credibility determination is not an independent basis to reverse the Commissioner's decision, the Commissioner should provide further explanation about Plaintiff's credibility on remand. As explained in the Report, the ALJ cited Plaintiff's failure to take prescription medication for pain as one reason for discounting Plaintiff's credibility. The ALJ's decision did not, however, address whether the reasons offered by Plaintiff as to why he did not take prescription medication for pain were credible. *See* R. at 322 (Plaintiff stated that he had never been

prescribed medication for pain). On remand, the Commissioner should identify how Plaintiff's testimony was inconsistent with the medical evidence and address any reasons offered by Plaintiff concerning his non-use of prescription medication for pain.

Each of Plaintiff's specific objections is adequately and properly addressed in the Report. This court, therefore, concurs with both the reasoning and the result reached by the Magistrate Judge.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings. Specifically, the Commissioner should (1) assess whether Plaintiff can perform any jobs in light of his reading, writing, and mathematical limitations, and (2) explain the inconsistencies between Plaintiff's testimony and the medical evidence.

**IT IS SO ORDERED.**

                                                 s/ Cameron McGowan Currie
                                                 CAMERON MCGOWAN CURRIE
                                                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 25, 2009